UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brian Iverson,  Civ. No. 18-323 (PAM/DTS)

          Plaintiff,

v.  **MEMORANDUM AND ORDER**

United States of America, and
Transportation Security
Administration,

          Defendants.

This matter is before the Court on Defendants' Motion to Dismiss. For the following reasons, that Motion is granted.

**BACKGROUND**

Plaintiff Brian Iverson contends that he was injured by Transportation Security Administration agents while going through security screening at the Minneapolis-St. Paul Airport in September 2011. (Compl. (Docket No. 1) ¶ 8.) According to Iverson, he was using crutches due to an unrelated incident, and a TSA agent made Iverson stand up without the crutches and then pulled him forward, causing him to lose his balance and fall. (Id. ¶ 12.) Iverson contends that he suffered from a separated shoulder and a bruised nerve, and that the fall exacerbated his preexisting injuries. (Id. ¶ 14.)

Iverson filed an administrative claim about the incident with TSA in 2013. (Id. ¶ 2.) That claim was denied in early 2018, and Iverson brought this lawsuit under the Federal Tort Claims Act ("FTCA") against the United States and the TSA. Iverson's Complaint alleges that the actions of the TSA agents constituted a battery under Minnesota law and,

in the alternative, that the TSA agents were negligent. (Id. ¶¶ 20, 26.) In response to the Government's Motion, Iverson concedes that the TSA is not a proper party to the lawsuit, and he does not oppose the dismissal of the TSA from the case. (Pl.'s Opp'n Mem. (Docket No. 16) at 1 n.1.)

The Government's Motion to Dismiss argues that the FTCA's reach does not extend to intentional torts such as battery, that the law-enforcement exception to the FTCA's battery exception does not apply to TSA agents, and that Iverson's negligence claim is also barred by the FTCA. In the alternative, the Government contends that Iverson has failed to plausibly plead his negligence claim.

Iverson does not dispute that the FTCA exempts from its reach intentional torts, like his battery claim. He argues that the FTCA's law-enforcement exception applies and that he has plausibly pled a negligence claim that is outside the reach of the FTCA's intentional-tort exception.

**DISCUSSION**

**A.      Law-Enforcement Exception**

The FTCA provides a limited waiver of the Government's sovereign immunity from suit for certain negligence claims. See 28 U.S.C. § 2674. But the FTCA specifically excludes from its reach claims arising out of intentional torts. Id. § 2680(h). As relevant here, however, the FTCA also contains an exception to that intentional-tort exclusion, providing that the Government may be liable for certain intentional torts committed by "investigative or law enforcement officers of the United States Government." Id. An "investigative or law enforcement officer" is one "who is empowered by law to execute

2

searches, to seize evidence, or to make arrests for violations of Federal law." Id. Whether the TSA agents involved here are "investigative or law enforcement officers" is dispositive of Iverson's battery claim.

Iverson argues that the Court must accept as true his allegation that the TSA agents were law-enforcement officers, but this allegation is irrelevant. When there is a challenge to the Court's subject-matter jurisdiction, the Court may look beyond a complaint's allegations to resolve disputes. Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008). Moreover, whether TSA agents are law-enforcement officers under § 2680(h) is a question of law, not fact.

Iverson also relies on a decision finding that TSA agents "may" be investigative or law-enforcement officers within the meaning of § 2680(h). Pellegrino v. U.S. Transp. Sec. Admin., 855 F. Supp. 2d 343, 357 (E.D. Pa. 2012). A week before the hearing on the instant Motion, however, the Third Circuit Court of Appeals issued an opinion in the same case, determining that the FTCA's law-enforcement exception does not apply to TSA agents such as those here. Pellegrino v. U.S. Transp. Sec. Admin., No. 15-3047, 2018 WL 3371699, at *17 (3rd Cir. July 11, 2018).

The plaintiff in Pellegrino challenged the conduct of TSA agents during an airport screening, contending that they damaged her property and falsely arrested her. Id. at *3. The district court ultimately ruled against Pellegrino on summary judgment, concluding that the TSA agents were not law-enforcement officers under the law-enforcement exception. Pellegrino v. U.S. Transp. Sec. Admin., No. 09cv5505, 2014 WL 1489939, at *7 (E.D. Pa. Apr. 16, 2014). After exhaustively discussing the text, history, and purpose

3

of both the FTCA and the statute giving rise to the TSA, the Aviation and Transportation Security Act ("ATSA"), Pub. L. No. 107-71, 115 Stat. 597 (2001), the court of appeals agreed. The court of appeals reasoned that because the law-enforcement exception was intended to give a remedy to persons injured by overzealous police searches, the exception applies only to "officers with criminal law enforcement powers." Pellegrino, 2018 WL 3371699, at *7, 11-12.

The court also noted that the ATSA created two different airport-security positions—TSA screening agents, and TSA law-enforcement officers—and only TSA law-enforcement officers were empowered to search for criminal contraband, make arrests, and carry firearms. See 49 U.S.C. §§ 114(p), 44903(a). Screeners, on the other hand, carry out essentially administrative searches, looking not for items that are otherwise illegal but rather for items that are prohibited aboard aircraft. Id. § 44901(g)(5). Because TSA screeners do not have the power to conduct the extensive searches that police officers do, the court of appeals found that the FTCA's law-enforcement exception does not apply to TSA screeners. Pellegrino, 2018 WL 3371699, at *15.

At the hearing, Iverson urged the Court to deny the Motion despite the Pellegrino decision, claiming that there is a question of fact as to whether the TSA agents here were screeners or TSA law-enforcement officers. But there is no allegation in the Complaint that Iverson's encounter involved TSA law-enforcement officers, who become involved in screening when a screener finds illegal materials or an arrest is necessary. Id. Rather, Iverson's alleges that he was injured during his initial screening, which under the TSA's policies is carried out only by TSA screeners. See id. at *14 (discussing ATSA's

4

distinction between "employees" who conduct screenings, and "law enforcement officers," who have other duties); id. at *15 (discussing TSA Management Directive regarding separate duties of screeners and law enforcement officers).

The Court agrees with the reasoning in Pellegrino that TSA screeners are not "investigative or law enforcement officers" within the meaning of the FTCA's law-enforcement exception, and thus that sovereign immunity requires the dismissal of Iverson's battery claim.

**B.     Negligence**

Iverson argues that dismissal of his negligence claim is not warranted because Minnesota law allows him to plead claims in the alternative. But application of the FTCA's waiver of immunity is a question of federal, not state, law. To determine whether the intentional-torts exception in the FTCA applies, "a court must look, not to the theory upon which the plaintiff elects to proceed, but rather to the substance of the claim which he asserts." Lambertson v. United States, 528 F.2d 441, 443 (2d Cir. 1976).

> [A] claim will be deemed to have arisen from a § 2680 excepted tort if the governmental conduct that is essential to the plaintiff's cause of action is encompassed by that tort. And this is so even if the plaintiff has denominated, as the basis for the cause of action, a tort not found within § 2680(h)'s list of excepted torts.

Zelaya v. United States, 781 F.3d 1315, 1333 (11th Cir. 2015). Thus, "negligence claims related to a government employee's assault or battery are barred by § 2680(h) unless the claimed 'negligence arose out of an independent, antecedent duty unrelated to the employment relationship between the tortfeasor and the United States.'" Olson v. U.S. Postal Serv., No. 14cv3213, 2015 WL 4488438, at *4 (D. Minn. July 23, 2015) (Ericksen,

5

J., adopting R. & R. of Thorson, M.J.) (quoting <u>Billingsley v. United States</u>, 251 F.3d 696, 698 (8th Cir. 2001)).

Iverson's negligence claim is undeniably intertwined with his battery claim: the same facts he asserts in support of his battery claim underlie his negligence claim. He does not claim a duty on the part of the TSA agents that is independent from or unrelated to their employment. Iverson acknowledges as much, arguing that his negligence claim is that "the TSA agents conducted a search in a negligent manner, causing him to fall." (Pl.'s Opp'n Mem. at 8.) Because the duty he alleges is not independent of the agents' status as agents, his negligence claim is barred by § 2680(h) and must be dismissed.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendants' Motion to Dismiss (Docket No. 13) is **GRANTED** and this matter is **DISMISSED** for lack of jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>July 31, 2018</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
